# EXHIBIT 1

Jeffery W. Banks, ISB #5307
BANKS GAFFNEY McNALLY, PLLC
330 Shoup Avenue, Ste. 201
Idaho Falls, Idaho 83402
Telephone: (208) 524-6655
Facsimile: (208) 524-6301
Email: jbanks@bgmtriallawyers.com



Attorney for Plaintiff

# DISTRICT COURT SEVENTH JUDICIAL DISTRICT
# FREMONT COUNTY IDAHO

| | |
|---|---|
| Glenwood Snacks, LLC, an Idaho Limited Liability Company<br><br>Plaintiff,<br><br>vs.<br><br>BLEND, LLC, a California Limited Liability Company<br><br>Defendant. | Case No.: CV-2018-710<br><br>COMPLAINT<br><br>Fee Category: A.A. ($221.00)<br><br>Assigned Judge:<br>Gregory W. Moeller |

Plaintiff, Glenwood Snacks, LLC, by and through its undersigned counsel, files suit against Defendant, Blend, LLC, and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Glenwood Snacks, LLC, is a limited liability company organized under the laws of the State of Idaho, with its principal place of business in Fremont County, Idaho.

2. Defendant, Blend, LLC, is a limited liability company organized with its principal place of business in the State of California.

3. Plaintiff is the successor-in-interest to Glenwood Smoked Products, Inc., an Idaho corporation primarily doing business in Fremont County, Idaho.

Complaint                                                                                                                                                   1

4. At all relevant times herein, Plaintiff owns and operates a food manufacturing and whole sale trade business in the County of Fremont, Idaho.

5. Upon information and belief, Defendant, Blend, LLC, owns and operates a food distribution business, which hires manufacturers to produce and package food for distribution to the public.

6. This Court is vested with jurisdiction over Defendant because Defendant transacts business in the State of Idaho for the purpose of realizing a pecuniary benefit.

7. Plaintiff has suffered damages in excess of $10,000.00.

8. Venue in this action is proper in Fremont County, Idaho because the manufacturing agreement between the parties at paragraph 6.1 permits the agreement to be enforced by the other party in the local jurisdiction of the enforcing party.

## FACTS

9. The Defendant and Plaintiff's predecessor-in-interest, Glenwood Smoked Products, Inc., entered into a manufacturing agreement executed on or about July 5, 2016. The manufacturing agreement states in part that Defendant would place orders for food products to be manufactured in accordance with Defendant's specifications.

10. The manufacturing agreement at paragraph 6.5 provides that the agreement is binding as to the parties' successors or assigns.

11. Defendant submitted purchase orders to Plaintiff, requesting that Plaintiff manufacture jerky products, including beef jerky and pork jerky, for it.

12. Plaintiff manufactured the jerky in the specifications required by Defendant and had the food product packaged and ready for delivery.

13.  Plaintiff incurred costs in manufacturing the jerky for Defendant, including but not limited to labor, ingredients and logistical costs.

14.  Defendant refused to pay for and accept the jerky which was manufactured by Plaintiff.

15.  The manufacturing agreement at paragraph 3.3 provides for termination for failure to perform obligations under the agreement. The agreement provides that the defaulting party may be deemed in breach if it fails to cure its default within thirty (30) days after receipt of written notice of default.

16.  Plaintiff provided Notice of Default to Defendant on March 2, 2018. Defendant failed to cure its default within thirty (30) days after notice.

17.  Plaintiff has performed all conditions precedent to recovery and has not excused defendant's non-performance or breach of the contract.

## CLAIMS

### COUNT 1: BREACH OF CONTRACT

18.  Plaintiff hereby references and incorporates as fully set forth herein the allegations of the preceding paragraphs, and further alleges as follows.

19.  Defendant's failure to accept the products ordered and remit payment for products ordered and delivered constituted a material breach of the contract it had with Plaintiff.

20.  Plaintiff has been damaged as a result of the breach of contract by Defendant in an amount to be established at trial, however such sum shall not be less than $27,624.55.

### COUNT 2: PROMISSORY ESTOPPEL

21.  Plaintiff realleges and incorporates by reference the proceeding paragraphs.

22. Defendant made a specific promise to pay Plaintiff for goods and services provided to it by Plaintiff.

23. Plaintiff reasonably relied upon the Defendant's promise.

24. As a result of its reasonable reliance upon Defendant's specific promise, Plaintiff has suffered substantial economic loss that was or should have been foreseeable by the Defendant in an amount to be proven at trial.

## COUNT 3: QUANTUM MERUIT

25. Plaintiff realleges and incorporates by reference the proceeding paragraphs.

26. Plaintiff reasonably expected that Defendant would pay for the goods provided by Plaintiff.

27. Defendant knowingly and voluntarily accepted the goods.

28. Defendant refused to pay for the value of the goods provided to it by Plaintiff.

29. It would be unjust for Defendant not to pay for the goods provided by Plaintiff.

30. Plaintiff is entitled to compensation for the goods provided to the Defendant in an amount to be proven at trial.

## COUNT 4: ATTORNEY FEES

31. Plaintiff realleges and incorporate by reference the allegations in the previous paragraphs.

32. Plaintiff has been required to retain the services of attorneys to represent its interests in this matter and has incurred costs and fees to pursue this action.

33. Plaintiff is entitled to recover attorney fees and costs pursuant to the terms of the contract between Plaintiff and Defendant.

34. Plaintiff is entitled to recover attorney fees and costs pursuant to Idaho Code Sections 12-120, 12-121 and Idaho Rule of Civil Procedure 54.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief as follows:

1. For a monetary judgement against Defendant in favor of Plaintiff in an amount to be proven at trial;
2. For reasonable attorney fees and costs;
3. For pre-judgment interest; and,
4. For such other relief as the Court deems just and equitable.

Dated this 3 day of July, 2018.

Jeffery W. Banks, ISB #5307
BANKS GAFFNEY McNALLY, PLLC
Attorney for Plaintiff