UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GLENWOOD SNACKS, LLC, an Idaho Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BLEND, LLC, a California Limited Liability Company,<br><br>Defendant. | Case No. 4:18-cv-00417-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Plaintiff Glenwood Snacks, LLC's Motion to Remand the pending litigation back to state court pursuant to 28 U.S.C. § 1447(c). Dkt. 7. For the reasons set forth below, the Court will GRANT the Motion.

## BACKGROUND

This case began with a complaint filed by Glenwood Snacks in State Court alleging breach of contract for Blend's failure to pay for a shipment of a beef jerky manufactured by Glenwood Snacks. Blend removed the case to Federal Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 under diversity jurisdiction. Glenwood Snacks seeks damages in the amount of $27,624.55. Blend argues that the combined damages

and future attorney's fees exceeds the amount in controversy requirement. Glenwood Snacks argues that it will not. Neither party disputes that diversity exists. Thus, the sole issue for the Court to decide is whether the amount in controversy is sufficient to support the Court's exercise of diversity jurisdiction.

## LEGAL STANDARD

Removal from state court is governed by 28 U.S.C. § 1441 and 28 U.S.C. § 1332. Sections 1332(a) and 1441(b), when read together, allows for removal based on diversity of citizenship when (1) there is complete diversity between the parties, and (2) the amount in controversy exceeds $75,000.

Federal courts strictly construe the removal statute. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). In diversity cases where the amount in controversy is in doubt, there is a presumption against removal jurisdiction. *Id.* The party seeking removal bears the burden of establishing that removal is proper. *Id.* This burden is satisfied if the defendant shows by a preponderance of the evidence that the Plaintiff will "more likely than not" receive at least $75,000.01 in relief. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The "more likely than not" standard strikes an appropriate balance between the plaintiff's right to choose its forum and the defendant's right to remove. *Id.*

To determine whether the defendant has met its burden, the Court may consider "facts presented in the removal petition as well as any summary judgment-type evidence relevant to the amount in controversy at the time of removal. *See Cohn v. Petsmart*, Inc.,

281 F.3d 837, 839 (9th Cir. 2002). Conclusory allegations by the defendant, or speculative arguments about the potential value of an award, however, will not suffice to overcome the traditional presumption against removal jurisdiction. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997); *Gaus*, 980 F.2d at 567. "[T]he defendant bears the burden of actually proving the facts to support ... the jurisdictional amount." *Id.*

Relief which may be included in the amount in controversy includes (1) compensatory damages, (2) punitive damages, (3) the value of injunctive relief, and (4) attorney's fees. *See Cohn*, 281 F.3d at 840. Future attorney's fees that are recoverable by statute or contract must be included in assessing whether the amount in controversy requirement is established. *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 788-89 (9th Cir. 2018).

## ANALYSIS

The Court will accept, for purposes of this decision, the premise that Glenwood Snacks is entitled to the full amount of damages sought in its complaint: $27,624.55. As such, the question becomes whether Glenwood Snacks will also be entitled to legal fees in the amount of $47,375.46 or more. The Court concludes that Blend has not met its burden of showing by a preponderance of the evidence that it is "more likely than not" that Glenwood Snacks will incur and be awarded legal fees of at least $47,375.46.

### 1. Plaintiff's Counsel's Hourly Rate Is Reasonable

Based on the evidence of record and the Court's own experience, Glenwood Snack's attorney's rate of $315 per hour is reasonable. *See Romish Holdings, LLC v. Inclusion, Inc.*, No. 1:15-cv-00126-BLW, 2016 WL 3093371, *1 (D. Idaho June 1, 2016) (holding $275/hour was reasonable in the District of Idaho); *In re Hopkins Northwest Fund LLC*, 567 B.R. 590, 595 (D. Idaho Feb. 16, 2017) (finding $280/hour reasonable in District of Idaho); *Colucci v. MPC Computs., LLC Severance Plan For Emps.*, No. , 2009 WL 807638, *2 (D. Idaho Mar. 24, 2009) ($250/hour reasonable hourly rate for attorney with over 20 years of experience.).

The Court will also assume, without finding, that the $145 per hour rate charged by Glenwood Snack's paralegal is reasonable in this case. *See In re Hopkins*, 567 B.R. at 596 (holding $100 per hour for paralegal services within range of charges regularly approved in civil matters in District of Idaho).

### 2. Plaintiff's Counsel's Billable Hours Estimate Is Reasonable

As to billable hours, the Court finds that Glenwood Snacks' estimate of the number of billable hours it expects its attorney to spend on this case is not unreasonable. This case is not complex, and 118 attorney hours should be sufficient to fully develop and prosecute Glenwood Snacks' case. *See Banks Decl.*, Dkt. 9. Similarly, an additional 65 hours of paralegal work represents a reasonable estimate of the likely amount of time that will be expended. The credibility of these estimates is bolstered by the fact that they are submitted as part of a sworn statement from Glenwood Snacks' attorney. Obviously,

these figures will be *prima facie* evidence if Glenwood Snacks succeeds in State Court and requests an award of attorney's fees.

### 3. Defendant Has Failed To Carry Its Burden

In light of the foregoing, the Court estimates that Glenwood Snack's attorney's fees in this case will amount to $37,170. Glenwood Snacks will likely also incur an additional $9,425 of fees for paralegal services. Combined, the total fees will reach $46,595. If the Court adds the damages ($27,624.55) sought by Glenwood Snacks to this figure, the amount in controversy total is $74,219.55. Because this does not exceed $75,000, diversity jurisdiction does not exist in this case.

The Court acknowledges that Glenwood Snack's own estimate of its attorney's fees comes close to meeting the amount in controversy threshold. But, the Court remains unconvinced, even in light of this concession, that the amount in controversy is met here.

First, this case turns on the interpretation of a contract. As such, discovery should be limited, and the case will likely be resolved by summary judgment. If so, Glenwood Snack's attorney's fees are likely to be substantially less than it has estimated.

Second, attorney's fees are inherently speculative, which has led many courts to include only those fees incurred by the time of removal, as distinct from potential future attorney's fees, in calculating the amount in controversy. *See, e.g., Julber v. Premera Blue Cross,* 2017 WL 3425179 (D. Or. 2017); *Rindels v. Tyco Integrated Sec., LLC* 2015 WL 469013 (C.D. Cal. 2015); *Holstrom v. Safeco Ins. Co. of Illinois,* 2012 WL 13020035 (W.D. Wash. 2012); *Dukes v. Twin City Fire Ins. Co.,* 2010 WL 94109 (D. Ariz. 2010).

As noted in Judge Aiken's decision in *Julber*, the Third, Fourth, Fifth and Tenth Circuits have allowed for anticipated attorney fees to be included, but the Seventh Circuit allows only those fees which had already been incurred at the time of removal. *Id.* at *2. While the Ninth Circuit has not yet addressed the issue, it appears that most of the District Courts in this Circuit have followed the reasoning of Seventh Circuit in not including anticipated attorney fees in calculating the jurisdictional amount. Here, it is unnecessary to resolve this open question, since the Plaintiff has failed to establish that the jurisdictional amount is satisfied, even if anticipated attorney fees are included.

Finally, it is hornbook law that district courts considering a motion to remand must construe the removal statute strictly, not liberally. *See Gaus*, 980 F.2d at 566 ("[The Court] strictly construe[s] the removal statute against removal jurisdiction."). In other words, close does not count.

### 4. Motion for Attorney Fees

Pursuant to 28 U.S.C. § 1447(c), a Court may accompany an order of remand with an order that Defendants pay the "just costs and any actual expenses, including attorney fees, incurred as a result of the[ir failed attempt at] removal." *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992). "An award of attorney's fees pursuant to section 1447(c) ... is within the discretion of the district court, and bad faith need not be demonstrated." *Ada Cty. v. Crump*, No. CV-06-461-S-BLW, 2007 WL 141381, at *1 (D. Idaho Jan. 16, 2007) (quoting *Moore*, 981 F.2d at 448).

The Court finds that the award of attorney's fees and costs to Glenwood Snacks is appropriate in this case. The Parties are directed to meet and confer about the costs incurred by Glenwood Snacks in defending against removal. If the Parties cannot agree on a stipulated amount, Glenwood Snacks is to file a brief of no more than three pages, accompanied by supporting exhibits and affidavits, setting forth its claim for fees. Glenwood Snacks brief is to be filed no later than fourteen (14) after this Decision is issued. Blend may then file a response brief of no more than three pages. Blend's response brief is to be filed no more than seven (7) days after Glenwood Snacks files its brief. The Court will not entertain a reply brief. Although the Court is remanding the case to state court, it will retain jurisdiction to determine the amount of fees to be paid should the need arise because "the award of attorney's fees pursuant to 28 U.S.C. § 1447(c) is collateral to the decision to remand...[.]" *Id.*

## ORDER

**IT IS HEREBY ORDERED:**

(1) Plaintiff's Motion to Remand (Dkt. 7) is **GRANTED**.

DATED: January 4, 2019

B. Lynn Winmill
U.S. District Court Judge